SURAMERICA DE ALEACIONES LAMINADAS, C.A., CONDUCTORES DE ALUMINIO DEL CARONI, C.A., INDUSTRIA DE CONDUCTORES ELECTRICOS, C.A., AND CORPORACION VENEZOLANA DE GUAYANA, PLAINTIFFS *v.* UNITED STATES, U.S. INTERNATIONAL TRADE COMMISSION, AND U.S. DEPARTMENT OF COMMERCE, DEFENDANTS, AND SOUTHWIRE CO., DEFENDANT-INTERVENOR

Court No. 88–09–00726

(Dated May 4, 1993)

*Arnold & Porter (Patrick F.J. Macrory, Michael Faber, Claire E. Reade, Edward Sisson); Shearman & Sterling (Thomas B. Wilner, Jeffrey M. Winton)* for plaintiffs.

*Stuart E. Schiffer,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(M. Martha Ries, Michael Kane); Lynn M. Schlitt,* General Counsel, United States International Trade Commission; *James A. Toupin,* Assistant General Counsel, United States International Trade Commission *(Stephen A. McLaughlin, Carol McCue Veratti); Robert H. Brumley,* General Counsel, U.S. Department of Commerce for defendants.

*Wigman, Cohen, Leitner & Myers, P.C. (Victor M. Wigman, Ralph C. Patrick, Dorothy H. Patterson); McKenna, Conner & Cuneo (Peter Buck Feller, Lawrence J. Bogard)* for defendant-intervenor.

*Baker & McKenzie (William D. Outman II, Arthur L. George)* for General Electric Co., *Amicus Curiae* in support of plaintiffs.

MEMORANDUM OPINION AND ORDER

MUSGRAVE, *Judge:* Defendant United States International Trade Commission (the Commission) moved on April 27, 1993 for a Stay of the Remand Order (dated March 15, 1993) and Entry of Judgment pending appeal of this Court's decision contained in Slip Op. 93–35 (March 15, 1993) to the Court of Appeals for the Federal Circuit. Defendant has not cited any authority for its motion. The Court presumes that defendant is

moving pursuant to USCIT Rule 62(d) ("Stay Upon Appeal"). The Court notes that granting the stay is within the discretion of the Court. *See American Grape Growers Alliance for Fair Trade v. United States,* 9 CIT 505 (1985).

Defendant's motion for a stay is premised on the assertion that the Court's remand instructions in Slip Op. 93–35 (March 15, 1993) "effectively leave no discretion but to rescind the original affirmative threat determination." *Defendant's Motion for Stay of the Remand Order (dated March 15, 1993) and Entry of Judgment Pending Appeal* at 2. The Court disagrees. If the Commission can find support in the record for its determination, it may make whatever determination on remand its discretion allows. This Court has merely provided the Commission with a second opportunity to explain how its conclusions with respect to certain findings were based on substantial evidence from the record. As this Court noted in Slip Op. 93–35, "[in] reviewing injury, antidumping, and countervailing duty investigations and determinations, this Court must hold unlawful any determination unsupported by substantial evidence on the record * * *." 19 U.S.C. § 1516a(b)(1)(B) (1982 & Supp. 1992).

A second reason for the need to appeal raised by the defendant is that the opinion offers no guidance due to an "apparent split within the CIT on the weight that support for the petition by the domestic industry is given regarding injury determinations." *Defendant's Motion for Stay of the Remand Order (dated March 15, 1993) and Entry of Judgment Pending Appeal* at 3. This Court held that "[a]bsent compelling evidence of threat, it is not reasonable to conclude that the domestic industry is threatened when a majority opposes or does not support that finding." *Suramerica de Aleaciones Laminadas, C.A. v. United States,* 17 CIT 146, 818 F. Supp. 348 (for detailed discussion see 24–29) (March 15, 1993). Defendant asserts that it received different guidance from this Court in *Minebea Co., Ltd. v. United States,* 16 CIT 550, 553–54, 794 F. Supp. 1161, 1164–65 (1992) (upholding Commission finding of material injury where majority of domestic spherical plain bearing industry opposed petition), *aff'd Minebea Co., Ltd. v. United States,* Slip Op. 92–5, CAFC Docket No. 92–1289, (January 26, 1993).

The Minebea Court stated that, "when the ITC is determining whether LTFV imports are a cause of material injury suffered by a U.S. industry, the position of any segment of the U.S. industry as to the cause of its difficulties is not something which the ITC is required to consider." *Minebea,* 794 F. Supp. 1165. This statement is *dictum* (defendant seems to prefer "guidance") because Minebea did not challenge the Commission's findings on the basis that they were not supported by substantial evidence.

The question before this Court in *Suramerica,* Slip Op. 93–35, *viz* whether the Commission's finding of threat was based on substantial evidence, was not before the *Minebea* Court. Therefore, this Court concludes that there is no controlling question of law involved in the inter-

locutory order of remand, Slip Op. 93–35, with respect to which there is a difference of opinion on this Court. Immediate appeal from that remand order is not likely to advance the ultimate termination of the litigation. Accordingly, it is hereby

ORDERED that Defendant's Motion for Stay of the Remand Order (dated March 15, 1993) and Entry of Judgment Pending Appeal is denied.